POSTER v. ANDREWS. No. 3.—167 S. W. (2d) 1001.

Eastern Section.   November 27, 1942.

Petition for Certiorari denied by Supreme Court, January 30, 1943.

W. J. Barron, of Morristown, for plaintiff in error.

H. C. Smith and C. Frank Davis, both of Morristown, for defendant in error.

BURNETT, J. This is an action of damages for an alleged breach of contract of marriage. Seduction is

averred in aggravation of damages and not as a separate cause of action. There was a jury judgment in favor of plaintiff for $15,000. The court below on motion for new trial directed a remittitur of $7,500.

The defendant below, appellant here, prosecutes this appeal. He has adopted his grounds of motion for new trial as his assignments of error, but in argument he relies primarily on the failure of the trial court to sustain his plea of accord and satisfaction.

The plaintiff below is a Gentile. The defendant below is a Jew. These parties first met about nine years before the beginning of this suit. At the time of their first meeting she was about twenty-six years old and he was about thirty years old. Soon after their meeting the defendant began to make love to the plaintiff and shower her with gifts. In due course of time the defendant proposed marriage to the plaintiff and with this in mind persuaded her to live with him as man and wife. They lived together for several years—the defendant continuing promises of marriage. The proposed marriage was always to take place in the near future. When she would ask and insist on marriage it was always put off until tomorrow. These promises of marriage were continued up until a few days before the filing of this suit and even afterward. During this time she was given wedding rings and many other gifts.

These parties during this time visited her people and his. She was held out to the public, their friends and his business associates as his wife. She signed deeds of trust with him as his wife. This suit was originally instituted in the name of Mrs. M. J. Poster and later amended to show her maiden name. He took her to Asheville, North Carolina, about the time this suit was started telling her they were going there to be married when, as a

matter of fact, he placed her in an institution. She was released the following day. The defendant phoned her on the day of trial and again proposed marriage in a day or so. The defendant is a comparatively well to do man—has a substantial income and considerable property.

On June 19, 1940, about one year before the beginning of this action, and while these parties were living together, they entered into a written contract in settlement of his breach of promise to marry the plaintiff. O. L. McMahan, a reputable attorney of the Morristown bar, is offered as the only witness for the defendant. He merely testifies as to the drafting and execution of this contract by the parties. This contract is plead and offered as an accord and satisfaction to the present action.

The contract provides: ''In consideration of a full and complete settlement of a breach of marriage contract,'' etc., the defendant agrees to pay the plaintiff a certain stipulated sum weekly as long as she remains single with a bonus of $500 upon her marriage. It provides further: ''In event of default on the above stated promise of payment per week, as shown, M. J. Poster agrees that suit for breach of said contract may be instituted in any court of competent jurisdiction, wherever he may be found, or resides, at the time of such breach of contract.''

The plaintiff agrees to accept this money ''in full accord and satisfaction of her just claims against him for damages incident to his promise of marriage to her, and his failure to comply therewith.''

In Lytle v. Clopton, 149 Tenn. 655, 663, 261 S. W. 664, 666, our Supreme Court quoted approvingly a simple definition of accord and satisfaction from 1 Corpus Juris, 529 as follows:

"An accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is or considers himself entitled to; and a satisfaction is the execution of such agreement."

■■ In our study of this question we have found that the authors of American Jurisprudence and Corpus Juris Secundum have very thoroughly covered this sbject. We have examined many cases therein cited as well as our own cases on the subject. We feel that the following quotation from vol. 1 of Corpus Juris Secundum is applicable:

"A new promise by a debtor to his creditor, or a new agreement between them, either written or oral, may itself, as distinguished from its performance, be accepted by the creditor in satisfaction of a previous claim or demand, whether the latter is founded in contract or in tort, and where a promise or agreement is so accepted in satisfaction it extinguishes the claim or demand previously existing, and constitutes a good accord and satisfaction, whether or not it is actually carried out or performed. In case of nonperformance of the new promise or agreement the creditor's remedy is upon it, for its breach, and not upon the original claim or demand, which is not revived by the nonperformance of the new promise, and no right to recur to which arises or exists by reason of such breach.

"This principle, that a new promise or agreement may itself be accepted in satisfaction, and when so accepted will operate as such, has sometimes been referred to as an exception to the general rule that accord without satisfaction is no defense to an action on the original claim

or demand, and it has been said that in such circumstances the accord is good without satisfaction; but it has also been pointed out that the exception is more apparent than real, and the fact of the matter is that there is no conflict whatever between the two rules, but they are clearly in harmony, or, as it is sometimes put, distinguishable, for where an accord provides for the acceptance of a promise as the consideration for the extinction of a debt or demand, or in discharge thereof, the giving and acceptance of the promise is the execution of the accord, or, in other words, the execution and delivery of the new agreement, or the meeting of the minds of the parties upon its terms, constitutes the satisfaction.'' 1 C. J. S., Accord and Satisfaction, p. 489, sec. 22.

And in 1 American Jurisprudence at page 251, sec. 65, it is said:

''The rule is universally recognized that except where the new agreement is itself accepted as a satisfaction, the failure to make a payment or otherwise perform an act required by a new agreement entered into in satisfacftion of a debt or claim leaves such an agreement a mere executory accord, without satisfaction, and as such, it constitutes no bar to the enforcement of the original claim or debt. In other words, in order that a demand or cause of action may be barred by an accord, the general rule is that the accord must be executed.''

At page 254, sec. 69 of the same work it is said:

''However, in order that the accord shall operate as a discharge of the original debt, it must be clear that the creditor has agreed to accept the new promise itself, and not the performance of it as a satisfaction for his claim.''

The parties to this agreement are sui juris. The plaintiff agrees to accept this ''in full accord and satisfaction''

for damages incident to the promise of marriage. They agree that suit may be brought on this agreement or contract for failure of any of the promised payments. The defendant had prior to this suit defaulted in payments and he had been sued therefor. He was in default at the time of trial of this suit—he could still be sued for this default.

■ The declaration in this suit is based on promises made prior to the execution of the accord and satisfaction agreement thereto. There is no effort or attempt to confine this action to alleged promises of marriage made subsequent to the execution of the accord and satisfaction agreement. We, therefore, are not called on to say whether or not suit could be maintained for these subsequent promises. This action is in effect based on a continuing promise of marriage over a period of many years. It is said in Helms & Willis v. Unicoi County, 166 Tenn. 639, at page 646, 64 S. W. (2d) 200, at page 202:

"It is equally essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction. Both the giving and the acceptance in satisfaction are essential elements, and if they be lacking there can be no accord and satisfaction. The intention of the parties, which is of course controlling, must be determined from all the circumstances attending the transaction."

The pleadings and evidence convince us that the rule above laid down is fully met.

■■ It is said in Henderson v. McRae, 148 Mich. 324, 111 N. W. 1057, 1058:

"In matters of accord and satisfaction, there is a well-defined and easily recognized distinction between two classes of agreements: (1) Where the agreement of the creditor is to accept the performance of the debtor's new

promise or agreement in satisfaction of the demand. (2) Where such promise or agreement itself, based upon sufficient consideration, is accepted in satisfaction of the demand. Chitty on Contracts (11th Am. Ed.) 1124. And in this class of cases it must clearly appear that the intention of the party was to accept such promise, and not the performance, in satisfaction of the original demand. In the first class of cases the accord must be fully executed to bar an action on the original demand. 1 Cyc. 312, and cases cited. In the second class the original demand is extinguished, and cannot be the foundation of an action. 1 Cyc. 336, and cases cited."

As is shown by the pleadings and the facts as we find them, the case at bar comes within the second class last above quoted.

The acts of this man have been indeed reprehensible. The judgment of $7,500 would not be out of line in the least if this action could be legally maintained.

For the reasons herein expressed we must reverse the judgment of the lower court. We feel though that the facts of this case warrant us in taxing all the costs of this cause against the appellant, M. J. Poster, and the sureties on his appeal bond.