MARBRY *v.* CAIN.

(*Nashville,* December Term, 1943.)

Opinion filed January 8, 1944.

WILLIAM G. CAVETT, of Memphis, for plaintiff in error.

ADA J. RUSSELL, of Memphis, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case is before the court following the overruling of a demurrer by the circuit judge, and the question presented is whether the judgment resulting from an automobile collision is dischargeable under the Bankruptcy Act, section 17, 11 U. S. C. A., section 35, which provides as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) . . . ; (2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, . . . ."

On August 10, 1940, the plaintiff below, Mrs. Lorena Marbry, instituted a suit in the Circuit Court of Shelby County against the defendant, George W. Cain, for compensatory and punitive damages in the sum of $10,000. The declaration charged negligence and carelessness and in addition thereto recklessness on the part of the defendant Cain in three respects as follows: "(1) that he was guilty in negligently and carelessly and recklessly left the key in his car by which his minor children, who

were permitted to play in same, might turn on the ignition and start said car; (2) in carelessly, negligently and recklessly permitting the children to be in said car while the key was in same and while it was subject to be started by merely using the mechanical devices to start same; (3) and that when his said minor child did start said mechanical devices in said car so as to start said car, the defendant negligently, carelessly and recklessly, after getting into said car and getting hold of the steering wheel, he managed, operated and directed said car so as to run same over the plaintiff who was using the sidewalk and public thoroughfare and while she was guilty of no negligence whatsoever and causing her to be injured as hereinabove described.''

There was no defense made to the declaration and judgment was entered by default against Cain on April 18, 1941. The verdict was for $3500.

A number of executions were issued against the defendant, and finally on May 19, 1942, he filed a petition in bankruptcy in the United States District Court at Memphis and was adjudged a bankrupt and received a discharge from all of his debts, ''except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy.''

The defendant suffered a fire loss and had money due him by the American Insurance Company on September 2, 1943, when execution was issued and served on the defendant Insurance Company as garnishee levying upon the money due the defendant Cain.

The defendant Insurance Company on September 13, 1943, filed its answer as garnishee. The defendant Cain properly filed a plea of discharge in bankruptcy, and on September 28, 1943, Mrs. Marbry filed a demurrer questioning the validity of the plea of discharge, asserting

that the judgment referred to was not a dischargeable debt under the above-mentioned bankruptcy statute.

· The circuit judge was of opinion that the judgment referred to was dischargable in bankruptcy and that the judgment in question did not result from a cause of action "for willful and malicious injuries to the person of plaintiff."

It appears in the suit which resulted in the judgment in question that Mrs. Marbry and her husband were walking along Looney Street in the City of Memphis, and while so using the sidewalk of the street in front of the defendant's home, the latter's minor child started his car, which was beside the house, and the defendant ran and jumped into the car and carelessly operated the vehicle so as to back it across the lot, and before the plaintiff could get out of the way she was run into by the car and knocked to the sidewalk, and the car ran over her breaking numerous bones in her body and causing permanent injuries.

It is insisted on behalf of the plaintiff that, judgment by default having been taken against the defendant Cain in the automobile suit, all of the averments and allegations of the declaration must be taken as true. While the declaration contends for compensatory and exemplary damages, the verdict of the jury was general, and it will not be presumed that the jury found the defendant guilty of "willful and malicious conduct." *Fleshman* v. *Trolinger,* 18 Tenn. App., 208, 74 S. W. (2d), 1069.

It is also insisted that the words in the Bankruptcy Act "willful and malicious injuries to the person" come within *McIntyre* v. *Kavanaugh,* 242 U. S., 138, 141, 37 S. Ct., 38, 40, 61 L. Ed., 205, 207, where the Supreme Court of the United States quoted from *Tinker* v. *Colwell,*

504

193 U. S., 473, 485, 487, 24 S. Ct., 505, 48 L. Ed., 754, 760, as follows: "In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained. . . . A wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exceptions."

Plaintiff contends that in the above case it was urged that the malice must be special, and to this the Supreme Court, quoting from *Tinker* v. *Colwell, supra,* said: "We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor, and not a malicious wrongdoer, that was to be discharged." The McIntyre case involved the conversion of certain stocks.

We are unable to see how any inference or conclusion of malicious and willful conduct could result from some person rushing to his automobile that had been started by his small child and undertaking to stop the automobile which ran into an innocent person. All of the elements of willful and malicious conduct are lacking.

There is nothing in the declaration indicating any act or acts done by the defendant showing a bad motive, there is nothing to indicate any ill will or malice towards the plaintiff, and there is no act by which she could presume that the thing done was intentional or that the doer should have had a consciousness of the probable result of his unlawful act.

In 6 Am. Jur., Bankruptcy, section 506, it is said: "What constitutes wilful and malicious injury growing out of an automobile accident, within the provision of the Bankruptcy Act relating to discharge, depends in each case upon the particular facts, so that no general rule applicable to all cases can be formulated. It has been held, however, that a judgment in an action for personal injuries caused by negligence in the operation of an automobile is not within the exception applicable to wilful and malicious injuries, and hence is dischargeable in bankruptcy, even though the automobile was driven recklessly or in a manner violating municipal ordinances."

The words "willful and malicious" used in the Bankruptcy Act hereinbefore set out seem to contemplate some intentional willful act. These words indicate to us the intentional doing of an act which must and does result in injury to a plaintiff, or that class of torts in which malice and injury are always implied.

It results that we find no error in the judgment of the learned circuit judge and it is affirmed.