RANDOLPH *v.* EDMONDS.

(*Nashville,* December Term, 1946.)

Opinion filed May 31, 1947.

JAY C. EVANS, of Nashville, for plaintiff in error.

MANIER & CROUCH and J. OLIN WHITE, all of Nashville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Plaintiff in error, Sally Randolph, obtained a judgment by default in 1940 against defendant in error, H. D. Edmonds, for personal injuries received as a result of a collision on a public highway of the automobile being driven by Edmonds with the automobile in which Miss Randolph was riding. The cause was heard by the cir-

cuit judge of Davidson County without the intervention of a jury. The finding and judgment of the court, in so far as material to the question which must be determined upon this appeal, is as follows:

"Upon due consideration thereof, the Court finds in favor of the plaintiff and against the defendant and assesses plaitniff's damages in the sum of $600.00 as compensatory damages and the further sum of $600.00 as punitive damages, making a total of $1,200.00."

Among the insistences made by defendant in error, Edmonds, and resisted by the plaintiff in error, Miss Randolph, is the insistence that the allegations of the declaration did not authorize a judgment for punitive damages and, therefore, this judgment, insofar as it adjudges punitive damages, is void, because beyond the pleadings. The view we take as to the determinative issue of this case makes it unnecessary to decide this issue. Our consideration of the determinative issue, therefore, proceeds upon the assumption that the adjudication of punitive damage in the case was authorized by the pleadings.

Subsequent to the procurring of the above mentioned judgment, Edmonds filed a petition in bankruptcy and listed this judgment as one of the claims. In the bankruptcy proceedings in which he was adjudged a bankrupt the order of discharge entered therein reads as follows:

"It is ordered that the said HERMAN DAVIS EDMONDS be, and he hereby is, discharged from all debts and claims which are made provable by said Act against his estate, except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy."

In 1946, long subsequent to the final order in the bankruptcy proceedings, Miss Randolph ran a garnishment

40

against the employer of Edmonds in an effort to collect her judgment. Thereupon, Edmonds filed a plea in the garnishment proceedings alleging this adjudication of bankruptcy, and set out in this plea that the judgment of Miss Randolph was specifically included among the debts listed in the bankruptcy schedule and that the adjudication of bankruptcy discharged this debt. By way of replication thereto Miss Randolph averred that the judgment in question was not discharged by the adjudication of bankruptcy for the reason that her judgment against Edmonds was ''for wilful and malicious injuries to the plaintiff'' and, therefore, excluded, as a matter of law, by section 35 of the Bankruptcy Act, 11 U. S. C. A., from those debts for which Edmonds received a discharge. Section 35 provides that ''a discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . . except such as . . . are liabilities for . . . willful and malicious injuries to the person or property of another.'' In support of her insistence, Miss Randolph relies upon the fact that the judgment which she seeks to collect expressly adjudicates an award to her in the form of ''punitive damages.'' The judgment of the circuit court in the garnishment proceedings was that the plea of Edmonds was well taken and should be sustained and ''that the replication of Sally Randolph is not well taken; and that the garnishment should be discharged.'' Miss Randolph appeals and the issue thus raised by the plea and the replication is now presented to this court for determination.

As held by our Court of Appeals in the case of *Fleshman* v. *Trolinger,* 18 Tenn. App. 208, 216, 74 S. W. (2d) 1069, 1074, the order of discharge in bankruptcy is presumed to cover all the debts of the bankrupt, and when such bankrupt in subsequent proceedings presents

such order of discharge the burden "is cast upon the plaintiff, of showing that such discharge is not operative as to his claim." In that case the court also quotes with approval from Collier in Bankruptcy as follows:

"Moreover, as the exceptions tend 'to impair the bankrupt's remedy, the Statute being highly remedial, these exceptions should be so construed as to affect that remedy only so far as is necessarily required by its express terms.' " 18 Tenn. App. at page 216, 74 S. W. (2d) at page 1074.

In accordance with the policy required by the principles above stated, it was held in the Fleshman case—and this is in accord with the general rule—that in order to come within the exclusion provided for by section 35 of the Bankruptcy Law, the act which brought about the injuries which were received by Miss Randolph, "must have been *both* wilful and malicious" Whether the act was wilful and malicious must be determined by the record of the case in which the judgment was recovered. *Fleshman* v. *Trolinger, supra.*

The record in the case in which Miss Randolph obtained her judgment discloses that it was for personal injuries caused by negligence in the operation of an automobile. This fact taken by itself does not bring the judgment within the exception applicable to wilful and malicious injuries. *Marbry* v. *Cain,* 180 Tenn. 500, 176 S. W. (2d) 813. Assuming that the allegations in the declaration, not in conflict with the recitations of the judgment, may be considered in determining whether the record discloses that the negligent act was wilful and malicious, we find that the declaration in which Miss Randolph obtained her judgment does in a common law count and in a statutory count charge Edmonds with guiding his automobile out of the lane of traffic in which

he was traveling over into the lane of traffic being used by vehicles going in the opposite direction, and in doing so "pulled into the plaintiff's lane of traffic just a few feet in front of the car in which the plaintiff was riding," with the result that the two cars collided. In the statutory count this act was alleged to be a violation of Code, section 2686(a). The violation of that section is a misdemeanor. It was not a violation of this statute for Edmonds to pull out of the line of traffic in which he was traveling onto his left hand side of the highway in order to pass cars traveling in the same direction in which he was traveling, providing his left side of the highway was clearly visible and "free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety." Whether Edmonds should undertake such a move with his automobile or not was a matter which called for the exercise of judgment. The fact that his judgment in the matter turned out to be erroneous does not of itself indicate any ill will or malice towards Miss Randolph and is not within itself an "act by which she should presume that the thing done was intentional or that the doer should have had a consciousness of the probable result of his unlawful act." The fact that Edmonds in so pulling out into this lane of traffice violated the code section referred to does not of itself bring the judgment within the exception applicable to wilful and malicious injuries. *Marbry* v. *Cain, supra.*

If, therefore, the record in the case brings the judgment obtained therein within the exception of section 35 of the Bankruptcy Act, 11 U. S. C. A., it necessarily must be because of the affirmative recitation in that judgment awarding Miss Randolph damages for the injuries received. It is not expressly found in that judgment

that the acts done by Edmonds were "willful and malicious," but it is affirmatively found in this judgment that Miss Randolph was entitled to "punitive damages." It must be assumed, as a matter of course, that the evidence in the case in support of the allegations of the declaration were such as to justify "punitive damages." However, there must be kept in mind the applicable cardinal principle that exceptions tend to impair the bankrupt's remedy under this highly remedial bankruptcy statute and that, therefore, "these exceptions should be so construed as to affect that remedy only so far as is necessarily required by its express terms." So, in this case it must be determined whether a judgment affirmatively showing that it is for "punitive damages" does thereby necessarily adjudge that the act done by Edmonds which resulted in the injury was "both wilful and malicious." That is, because Edmonds' act subjected him to punitive damages does it necessarily follow that his act was "both wilful and malicious"?

In our case of *Byram* v. *McGuire*, 40 Tenn. 530, this court said:

"In cases of fraud, malice, gross negligence, or oppression, the law, upon authority not now to be questioned, permits the jury to give what it terms punitory, vindictive or exemplary damages".

In emphasis of its meaning that punitive damages might be awarded on any one of the four grounds stated in the above quotation, the court in that case added:

"There can be little doubt of the wilful malice, or gross negligence of the defendant—one or the other."

Here then the court was clearly drawing a distinction between malice and gross negligence, and held that a recovery of punitive damages could be had upon either ground. It follows that an award of punitive damages

does not necessarily imply that the act for which punitive damages was allowed was a malicious act. In our case of *Knoxville Traction Co.* v. *Lane*, 103 Tenn. 376, at page 389, 53 S. W. 557, 560, 46 L. R. A. 549, this court held:

"Exemplary damages are allowed when a wrongful act is done with a bad motive and in disregard of social obligations, or where there is negligence so gross as to amount to positive misconduct."

 Again we see that malice is not a necessary ingredient of punitive damages. Damages may be awarded for gross negligence which does not involve the element of malice. In our case of *Stagner* v. *Craig*, 159 Tenn. 511, 19 S. W. (2d) 234, this court, after a review of our cases with the view of adjudicating "a satisfactory definition of gross negligence," defined it as being "such entire want of care as would raise a presumption of a conscious indifference to consequences." 159 Tenn. at page 517, 19 S. W. (2d) at page 236. This definition of gross negligence falls short of the meaning which this court placed upon the expression "willful and malicious" as used in the Bankruptcy Act. In our case of *Marbry* v. *Cain* this court said:

"The words 'willful and malicious' used in the Bankruptcy Act hereinbefore set out seem to contemplate some intentional willful act. These words indicate to us the intentional doing of an act which must and does result in injury to a plaintiff, or that class of torts in which malice and injury are always implied." 180 Tenn. at page 505, 176 S. W. (2d) at page 815.

It is apparent, therefore, from the above respective definitions given by this court as to what constitutes gross negligence and what is the meaning of "willful and malicious" as used in the bankruptcy statute that puni-

tive damages, which may be awarded for gross negligence, does not necessarily mean that the act for which the punitive damages were awarded was "willful and malicious."

■ Since under this highly remedial bankruptcy statute the record must not be construed so as to affect the remedy further than is necessarily required by the affirmative showing of that record, and since the word "punitive" contained in the judgment does not necessarily mean that the act done by Edmonds was wilful and malicious, it necessarily follows that the judgment obtained by Miss Randolph, and the record in which it was obtained, do not affirmatively reflect it as a fact that the injuries she received resulted from a wilful and malicious act upon the part of Edmonds. The judgment therefore, does not come within the exception provided for by section 35 of the Bankruptcy Act, 11 U. S. C. A.

Affirmed with costs adjudged against plaintiff in error.

All concur.