## Seward v. Gatlin.

### (*Nashville*, December Term, 1951.)

Opinion filed February 9, 1952.

COURTNEY & COVINGTON, of Franklin, and JAMES M. SWIGGART, of Nashville, for plaintiff.

ROBERT H. POLK, of Nashville, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The only question presented on this appeal in error is whether the judgment obtained by the plaintiff Seward against the defendant Gatlin is discharged by the defendant's bankruptcy or whether it was based on a wilful and malicious injury to the person and property of the plaintiff within the meaning of the Bankruptcy Act, Section 35, 11 U. S. C. A. Section 35. The lower court held that the judgment was not discharged in bankruptcy. Whether the act sued on originally was wilful and malicious within the meaning of Section 17 must be determined by the record of the case in which the judgment

was recovered. *Randolph* v. *Edmonds*, 185 Tenn. 37, 202 S. W. (2d) 664; *Fleshman* v. *Trolinger*, 18 Tenn. App. 208, 74 S. W. (2d) 1069.

The judgment in the present case was for $11,500, which verdict the jury reported as $5,000 compensatory damages, $5,000 punitive damages and $1500 property damage. The judgment followed a verdict obtained by plaintiff against the defendant Gatlin. There was nothing in the judgment to indicate wilfulness and maliciousness.

The first count of the plaintiff's declaration charged that ''the defendant, acting wilfully, deliberately and wantonly was operating his automobile in a grossly negligent and reckless manner and while so operating his automobile he caused it to crash headlong into and upon the plaintiff's automobile.''

In the second count the plaintiff set out the Tennessee statute preventing the operation of an automobile on the left of the center of the highway and charged ''that the defendant in total disregard for the safety of the plaintiff and his property, recklessly, wantonly and negligently drove his automobile upon the left of the center of the highway into the face of oncoming traffic and directly into and against the plaintiff's automobile.''

In the third count, the plaintiff charged that defendant was driving his automobile while under the influence of intoxicants so that he was unable to properly control his car. The plaintiff insists that the defendant was not charged with mistaken judgment but with the commission of positive acts which are wrongful in and of themselves.

█ To come within the exceptions of the bankruptcy statute, the act done which resulted in the injury must be ''both wilful and malicious.''

█ It has been held by this court that the words ''willful and malicious'', as used in the bankruptcy

302

statute, contemplate some intentional act. These words indicate the intentional doing of an act which must and does result in the injury to the plaintiff. *Randolph* v. *Edmonds*, supra; *Marbry* v. *Cain*, 180 Tenn. 500, 505, 176 S. W. (2d) 813.

There is no proof or inference that Gatlin went upon the highway with any malice towards the plaintiff, Dr. Seward.

Punitive damages may be awarded the plaintiff but this is not sufficient to show that the act was "willful and malicious". *Randolph* v. *Edmonds*, supra. This last cited case points out the distinction between gross negligence and malice.

■ At no place does the declaration allege, nor does the verdict of the jury find, any malice on the part of the defendant Gatlin towards the plaintiff Seward. There is nothing in the judgment indicating that the wrongful act complained of was "willful and malicious".

It results that the judgment below must be reversed and the suit dismissed.