ROBERT HOWARD HENDERSON *v.* CLYDE CURTIS FRESHOUR.

(*Jackson,* April Term, 1955.)

Opinion filed February 3, 1956.

Rehearing denied March 9, 1956.

RICHARD J. RYAN and HERSCHEL L. FEIBELMAN, both of Memphis, for plaintiff in error.

DAVID BALLON, J. GRANVILLE FARRAR and ROBERT R. KRIVCHER, all of Memphis, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The question presented in this case is whether the judgment heretofore entered below was such that it was not discharged in bankruptcy. Injuries or judgments based on wilful and malicious injury to the person are not dischargeable in bankruptcy.

The trial court, in a thorough and well-reasoned opinion, decided that the judgment by garnishment here involved was not discharged by bankruptcy. This appeal has resulted.

The declaration sued for compensatory and punitive damages and alleged in substance that about 12:30 A. M.

on April 8, 1951, the defendant, who was then driving his automobile at an excessive rate of speed while under the influence of intoxicants, ran the red light going north on Third Street at the intersection of Auction Avenue in Memphis, struck the car in which plaintiff was riding east on Auction Avenue, knocked this car 89 feet upon the sidewalk and against a building at the northeast corner of the intersection. That defendant was driving while intoxicated at such a speed that after striking the other automobile his car continued across the intersection some 69 feet, jumped the curb and struck a steel post.

The declaration further charged that the negligence of the defendant "was so gross as to constitute a wanton and wilful disregard" of plaintiff's rights, and further alleged that defendant wilfully violated a number of city ordinances including the ordinance which prohibits driving while intoxicated.

On the trial of the case before the Court on writ of inquiry the plaintiff offered evidence as to wilful and wanton character of the defendant's conduct as bearing upon the amount of punitive damages which should be awarded by the Court. This proof included the record from the Criminal Court showing defendant's conviction on his plea of guilty to the State charge of driving while intoxicated.

■ Where "willful and malicious injuries to the person" as used in the Bankruptcy Act. Sec. 17, 11 U. S. C. A. Sec. 35, is involved, it is proper to examine the Federal cases. It seems well settled that it is not necessary to allege "willful and malicious injuries" in the language of the Statute in order to prevent a judgment from being dischargeable. The Federal Courts have held that a charge of " 'wilful and wanton negligence' " is sufficient to support a finding of "willful and malicious injuries."

In this connection see *Greene* v. *Lane,* 7 Cir., 87 F. (2d) 951, 953, 109 A. L. R. 1188; *In re Dutkiewicz,* D. C., 27 F. (2d) 334; *Peters* v. *United States ex rel. Kelly,* 7 Cir., 177 F. 885.

 The question of whether or not the judgment is dischargeable must of course be decided from the record in the case in which the judgment was obtained.

In *Marbry* v. *Cain,* 180 Tenn. 500, at page 504, 176 S. W. (2d) 813, at page 815 this Court said:

" 'In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained. * * * A wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously * * *.

" 'We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor, and not a malicious wrongdoer, that was to be discharged.' "

We also quoted in *Marbry* v. *Cain,* supra, with approval from 6 Am. Jur., Bankruptcy, Sec. 506 as follows:

" 'What constitutes wilful and malicious injury growing out of an automobile accident, within the provision of the Bankruptcy Act relating to discharge, depends in each case upon the particular facts, so that no general rule applicable to all cases can be formulated.' "

The lower court was of the opinion that the averments of the declaration and the proof introduced in support of it with reference to punitive damages showed a wilful and malicious injury to the plaintiff's person, and brought this case within the rule just stated and the lower court so sets out in his judgment. This was not the case in *Seward* v. *Gatlin*, 193 Tenn. 299, 246 S. W. (2d) 21.

See *Harrison* v. *Donnelly*, 8 Cir., 153 F. (2d) 588; *Fitzgerald* v. *Herzer*, 78 Cal. App. (2d) 127, 177 P. (2d) 364.

There was no appeal from that judgment and it became final.

 We are of the opinion, as was the court below, that the judgment and findings of the court was not beyond the scope of the pleadings, and therefore the discharge in bankruptcy did not discharge the judgment.

It results that the judgment of the lower court is affirmed.