Elijah Douglas, Petitioner,

*v.*

General Motors Acceptance Corporation, Respondent.

(*Nashville,* December Term, 1958.)

Opinion filed July 27, 1959.

HENRY DENMARK BELL, Nashville, for petitioner.

JACOBS H. DOYLE, Nashville, for respondent.

434

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

We granted certiorari in this case because of the importance of the questions raised by the petitioner. The suit was originally brought by Elijah Douglas against General Motors Acceptance Corporation to recover the amounts paid to respondent under a conditional sales contract note for the purchase and sale of an automobile, by reason of the alleged failure of the defendant to comply with the provisions of T.C.A. sec. 47-1302 in that it failed to advertise and sell the property in accordance with said statute. The suit was brought in the General Sessions Court of Davidson County, where the plaintiff's suit was dismissed. Upon appeal to the Circuit Court and on a non-jury trial the final judgment was in the amount of $166 in favor of the plaintiff. On appeal to the Court of Appeals the plaintiff's judgment below was reversed and the suit dismissed.

The Court of Appeals stated that the only question before the Court was whether or not the purchaser of the automobile waived the requirements of the conditional sales statute so as to relieve the seller from advertising and selling the automobile as required by the statute when the purchaser defaulted in his payments.

It was insisted by the plaintiff Douglas that there were actually two questions, to wit: (1) Is the signed document, on its face, a valid waiver of advertisement and sale under the conditional sales act, it being insisted by plaintiff there could be no valid waiver under the act without a consideration to support the same and that there was no consideration?

(2) Was the purported waiver if otherwise valid, premature, it being contended that the waiver was executed before the finance company had regained possession of said property because of the consideration remaining unpaid at maturity?

Without discussing either one of these questions the Court of Appeals held on the following undisputed facts that the waiver of the advertisement and sale relieved the respondent from complying with the requirements of the statute. Those facts are as follows:

The waiver of advertisement and sale reads as follows:

"Date 9-27-1957

"General Motors Acceptance Corporation

"Gentlemen:

"On the 31 day of Dec., 1956, I purchased of Liddon Pontiac (dealer), one 1950 Oldsmobile automobile,

Model 4 door Motor No. 8A487572H, Manufacturer's Serial No. 508A17017, under the terms of a conditional sale contract.

"There is a balance of $162.40, unpaid, as provided by said contract, which is now owned and held by you.

"I am voluntarily returning said automobile to you and do hereby expressly waive the necessity of advertisement and sale of same under the Conditional Sale Laws of Tennessee. This waiver is made after default in payment of the consideration therefor and after reclamation of the car by you.

"I do hereby agree that you may sell said automobile at either public or private sale, crediting me with the net proceeds of the sale, and I shall be liable to you for any deficiency. On the other hand, you shall account to me for any excess realized by said sale.

"(Signed) Elijah Douglas
"(Signature of Purchaser)

"R. Humphrey."

Pursuant to that waiver the finance company obtained three bids for a private sale of the automobile and sold it at a private sale for the highest bid, proper credit was given on the note for the amount received at the sale, and a letter was written to Douglas demanding payment of the balance as follows:

"General Motors Acceptance Corporation

"1711 Church Street

"Nashville 3, Tennessee

"Oct. 7, 1957

"Mr. Elijah Douglas

"1027 Archer Street

"Nashville, Tennessee

"Dear Mr. Douglas:

"Several weeks ago it became necessary for us to take in possession the 1953 Oldsmobile we financed for you. This is to advise you that we have disposed of same and there is a deficit balance in the amount of $95.00. It will be appreciated if you will forward your check by return mail to liquidate this account. If you are unable to forward the entire amount at one time, it will be agreeable with us to accept $25.00 payments until this balance is paid.

"Only by paying this deficit balance will you be able to keep your credit in good standing with this company and other finance companies in this area. We shall be expecting to hear from your promptly.

"Very truly yours,

"F. E. Platt

"Credit Supervisor."

The following letter which is in the evidence was not referred to or quoted in the opinion of the Court of Appeals:

"General Motors Acceptance Corporation
"1711 Church Street
"Nashville 3, Tennessee

"October 11, 1957

"Mr. Henry D. Bell
"312 Commerce Union Bank Building
"Nashville, Tennessee

"Re: 64212L24 Elijah Douglas.

"Dear Mr. Bell:

"We are in receipt of your letter concerning the above repossession and are attaching a certified copy of the voluntary surrender form signed by the customer on September 27, 1957.

"On September 27 our representative contacted this customer and he was unable to bring his account to date and released the collateral to him and signed the voluntary surrender form. This customer advised our representative he would contact our office October 4 concerning this account and he did not contact, call or get in touch with us in any way. Therefore, we considered the account to be a permanent repossession and as title had been cleared by customer's signature, we sold the collateral.

"If we can be of any further assistance, please advise.

"Very truly yours

"F. E. Platt
"Credit Department"

"PC-enc."

With reference to the first question, i. e., consideration, the purchaser, Douglas relies upon *Ward v. Sharpe*, 1917, 139 Tenn. 347, 200 S.W. 974, 975.

The facts in that case were that a minor purchased some furniture under a conditional sales contract, defaulted in his payments, executed a waiver of advertisement but not of the sale; the minor was allowed to recover the amount that he had paid in to the vendor. It was held, (1) the waiver constituted a new contract and required a new consideration to support it. That the only consideration suggested was the saving of the cost of advertising. That such was either no consideration at all, or so slight, as to be of no substantial benefit to the minor; that such a contract, being of no benefit to the minor, would be held void under the general rule.

(2) The act does not permit waiver of the advertisement alone but only waiver of both advertisement and public sale. The statute must be strictly complied with. In this connection the Court said:

"When the sale is waived by agreement between the parties this necessarily means that the vendor takes the property back on some terms agreeable to the vendee; that is, there either must be a rescission in this form or some kind of accord and satisfaction."

Perhaps no other word in legal usage has as many variations of meaning as the word "waiver"; and there is great conflict of authority on the question of whether or not consideration is required to support a waiver. The subject is fully discussed in 92 C.J.S. Waiver p. 1049 et seq. On page 1052 it is said it is generally recognized that a waiver of substantial rights to be operative

440

must be supported by an agreement founded on a valuable consideration, or the act relied upon as a waiver must be such as to estop the party to insist on the right which has purportedly been relinquished. The subject is ably discussed also in Williston on Contracts, 1936 Ed., Sec. 679 and related sections.

Now, in *Ward v. Sharpe,* supra, there could be no estoppel against the minor, because the conditional vendor was charged with knowledge of the illegality of the contract of waiver; the Court, however, had first held there was no consideration to support the waiver. Obviously, however, the attention of the Court was not called to the statute (now T.C.A. sec. 47-1702), which provides:

"All contracts in writing signed by the party to be bound, or his authorized agent and attorney, are prima facie evidence of a consideration."

This statute places the burden of overcoming this presumption upon the party relying upon the lack of consideration. In the instant case there is no proof to overcome this presumption. In *Russell v. Clinton Motor Company,* 147 Tenn. 57, 245 S.W. 529, relied on by respondent, the question of consideration was not involved.

The foregoing is conclusive of the point under discussion but counsel has referred to the language quoted from *Ward v. Sharpe,* supra, to the effect that the waiver means that there must be either a rescission or some kind of accord and satisfaction. In that connection we think it apposite to observe that the volume of

conditional sales and of public sales for default in payment at the time the above opinion was written in 1917 was so negligible in comparison with the volume of today that it is of little aid in the consideration of business practice by both the purchaser and the vendor in today's multitudinous transactions. Forty years ago public sales of distress property under these conditional sales transactions had much greater efficacy than they do today. It is a matter of common knowledge among the legal profession, as well as a great many business people, that so many of these notices required by the statute to be posted in 3 public places in the county are never seen by anybody a few minutes after they are posted, because others come along and either post notices on top of prior ones or knock them to the floor or the ground where they are destroyed. In addition to that, experience has shown that in sales of this kind so frequently the public sale does not bring as good a price as a private sale, due to any one or more of several things such as the lack of opportunity to inspect and try out the article, arrangements for only one bid among interested parties, etc. Therefore, a great many defaulting purchasers prefer to sign these waivers on the belief that they will obtain a larger price for the article, thereby reducing the balance remaining due on the debt. The result, therefore, is that a waiver of the type before us which is supported by a consideration, being a new contract in substitution of the original statutory duty as permitted by the statute, is an accord and satisfaction, regardless of whether it be consummated in whole or in part. The remedy of either party is then confined to an action on the new contract or for a breach, if any, of same. *Poster v. Andrews*, 26 Tenn.App. 86, 167 S.W.2d 1001, rev. 182 Tenn. 671, 189

S.W.2d 580; *Arrowwood v. McMinn County,* 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855; 1. C.J.S. Accord and Satisfaction sec. 1, p. 462, and sec. 22, p. 490; 1 Am. Jur. 215, Sec. 1, and 254, Sec. 69. Where the intention to accept the new contract as a satisfaction of the old does not clearly appear, however, the general rule applies giving an option to rely on the old, if the new be not consummated.

■■ All that we have said so far can be of importance only in a situation where the waiver contract is executory and the ten-day period in which the property would otherwise have to be advertised has not expired. Where, on the other hand, by reason of this waiver executed by the defaulting purchaser, the vendor or his assignee has by lapse of time lost its right to comply with the statute, the purchaser is then plainly estopped to change his position by attempting to have the waiver agreement declared invalid for lack of consideration or anything else except those equitable grounds of fraud, mutual mistake of fact and so on. In the present case it would be the grossest injustice to hold otherwise than that this purchaser, who was of full age, could now successfully renege on his agreement on the faith of which the respondent has changed its position to its detriment so that it could not possibly comply with the terms of the statute with reference to advertisement and sale. This assignment of error is accordingly overruled.

■ The second assignment of error is predicated upon the letter which was written by the respondent to the purchaser's attorney after the property had been sold under this waiver agreement. We do not construe that letter to be either a part of the agreement, or evidence of

any agreement, that the respondent would hold the property until October 4 or any other date. In that respect the case is quite different from *Tedesco v. General Motors Acceptance Corporation,*——Tenn.App.——326 S. W.2d 837.

Accordingly both assignments are overruled and the judgment of the Court of Appeals is affirmed.