UNIVERSAL C. I. T. CREDIT CORPORATION

*v.*

JOHN W. WOODMANSEE.

374 S. W. 2d 386

(*Nashville,* December Term, 1963.)

Opinion filed January 8, 1964.

430

ERNEST WILLIAMS, III, Memphis, of counsel, SHEPHERD, HEISKELL, WILLIAMS, WALL & KIRSCH, Memphis, for appellant.

HEARD H. SUTTON, Memphis, for appellee.

MR. JUSTICE FELTS delivered the opinion of the Court.

This appeal presents a controversy as to whether a judgment recovered by appellant on a promissory note of appellee was discharged by his discharge in bankruptcy. The Chancellor held it was. Appellant insists it was not, because it was based on a note that was based on a liability that was not dischargeable in bankruptcy.

Appellant filed its bill October 22, 1959, in the Chancery Court of Shelby County, Tennessee, alleging appellee was indebted to it on his note dated August 15, 1955, for $4,970.00, with interest and attorney's fees, exhibiting the note, which stated: "For value received, I promise to pay on demand to the order of * * *" etc. Appellee failed to plead, a pro confesso was taken, and on November 30, 1959, a final judgment was entered for appellant on this note for a balance of $4,270.00, $1,144.03 interest, and $812.10 attorney's fees, totaling $6,226.13.

Appellee was adjudged a bankrupt December 2, 1960, by the United States District Court at Memphis. He scheduled this judgment as a provable debt against his estate. On January 24, 1961, he was granted a discharge in bankruptcy, releasing him of all debts and claims provable against his estate, save such as are, by the Bankruptcy Act, excepted from the operation of a discharge in bankruptcy.

In July 1962, appellant caused an execution to be issued by the Chancery Court on its judgment, and had garnishment served on appellee's employer. On July 24, 1962, appellee filed in that Court a plea and motion to quash the execution and enjoin enforcement of the judgment upon the ground that it was barred by his discharge in bankruptcy, filing a certified copy of the discharge.

To this plea, appellant filed a replication alleging that this judgment was not dischargeable because the note on which it was based had been given to evidence a liability of appellee "created by his fraud" while "acting in a fiduciary capacity," as charged in a bill which had been filed by appellant March 29, 1954, in the Chancery Court of Madison County, Tennessee, against appellee and

Riley Clark, and which had resulted in a settlement in which appellee had given appellant this note, a copy of that bill and agreement being filed as Exhibits I and II to the replication.

That bill (Ex. I) alleged that appellant was financing appellee and Clark as dealers in purchasing automobiles upon trust receipts; that they were indebted to it for over $16,000.00, being a balance of $3,200.00 on a note and a further sum for five cars on trust receipts "obligating defendants to return said automobiles to complainant upon demand or to pay complainant the proceeds of said automobiles if they should be sold in the ordinary course of trade"; they having sold said cars without paying over the proceeds.

Appellant further averred in its replication that it and appellee (but not Clark) had entered into a written settlement agreement (Ex. II) on August 15, 1955. In its preamble, this writing set out appellant's claims and charges against appellee in that suit, and his counter-claims against it; and that the suit involved a "controversy" between them which they had settled by his releasing all his claims against it and giving it this note in lieu of all its claims against him, this provision being as follows:

"NOW, THEREFORE, in consideration of the premises as outlined in the preamble hereof, it is agreed between Universal C. I. T. Credit Corporation and J. W. Woodmansee as follows:

"1. J. W. Woodmansee has been given all credits and offsets of proceeds of sale of personal property, reserve funds, and all credits of every kind to which he is entitled, and he has no other or further claims,

rights, or causes of action of any kind against Universal C. I. T. Credit Corporation.

"2. All matters and claims of every kind of Universal C. I. T. Credit Corporation against J. W. Woodmansee have been settled by the execution of said note of $4,970.00 due on demand, referred to in the preamble hereof, and Universal C. I. T. Credit Corporation has no claims or causes of action of any kind against J. W. Woodmansee except said promissory note."

That agreement further stipulated that that chancery suit "will be dismissed with prejudice by complainant" (appellant) as to appellee but not as to Clark. And the suit was so dismissed, and the note was given by appellee and accepted by appellant in discharge of all its other claims, leaving it "no claims or causes of action of any kind against J. W. Woodmansee except said promissory note."

This controversy was heard by the Chancellor upon the record in the suit in which the judgment was obtained, upon appellee's motion to quash the execution and enjoin enforcement of the judgment, upon appellant's replication and its exhibits, and upon appellee's oral motion to strike the replication and exclude all evidence outside that record.

The Chancellor held that he was limited to that record, and could not look to matters outside it, in determining whether the judgment was discharged; and that, in the absence of any showing in the record that the judgment was non-dischargeable, it must be held to have been discharged by the appellee's discharge in bankruptcy, citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55

S.Ct. 151, 79 L.Ed. 393; *Randolph v. Edmonds,* 185 Tenn. 37, 202 S.W.2d 664; and other cases.

Appellant contends that the Chancellor should have looked behind that record and found that the note on which the judgment was based had been given to evidence an original liability of appellee "created by his fraud" while "acting in a fiduciary capacity" (selling cars without paying over the proceeds, as promised in the trust receipts), and was, by Section 17, sub. a(4) of the Bankruptcy Act (11 U.S.C.A. sec. 35, sub. a (4)), excepted from the operation of a discharge in bankruptcy; and that, therefore, neither the note nor the judgment thereon was dischargeable.

Section 17 (so far as here material) provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another * * * or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity * * *."

Thus, a discharge in bankruptcy releases the bankrupt of all his provable debts save those specifically excepted by Section 17. The discharge is presumed to cover all of his liabilities; and when he pleads it and puts in proof a certified copy of it, this makes out a prima facie bar and casts upon the creditor, seeking to avoid the bar, the burden of proving that his claim was within one of the exceptions of section 17. *Kreitlein v. Ferger,* 238 U.S.

21, 35 S.Ct. 685, 59 L.Ed. 1184; *Randolph v. Edmonds, supra.*

■ The evidence he may offer for this purpose will, of course, vary according to whether his claim is upon (1) an original liability of the bankrupt, or (2) a note given therefor, or (3) a judgment against the bankrupt. In case (1) he may offer any evidence admissible under the general rules of evidence.

■ The same is ordinarily true in case (2) : he may go behind the note and show the nature of the obligation for which it was given, except where the note superseded and extinguished that obligation and became itself the only obligation, in which case evidence as to the original obligation is irrelevant and inadmissible. *Karger v. Orth,* 116 Minn. 124, 133 N.W. 471; *Burleson v. Langdon,* 174 Minn. 264, 219 N.W. 155; *Poster v. Andrews,* 26 Tenn. App. 86, 167 S.W.2d 1001, reversed on other grounds, 182 Tenn. 671, 189 S.W.2d 580; *Arrowood v. McMinn County,* 173 Tenn. 562, 569-570, 120 S.W.2d 566, 119 A.L.R. 855.

But in case (3), where the creditor seeks to go behind his judgment and show it is not dischargeable because it was based upon a cause of action within one of the exceptions to the operation of a discharge in bankruptcy, the rule as to the scope of evidence that may be offered by him depends upon entirely different considerations.

In cases (1) and (2) the matters are still at large, have not been judicially determined between the parties; but in case (3) the judgment was itself a judicial determination which is conclusive upon the parties (the creditor and the bankrupt) not only by way of *res judicata* as a bar against relitigating the same cause of action, but also by way of collateral estoppel as evidence preclud-

ing a re-litigation of any issue or fact that has been determined. These two rules are embodied in the maxim

> "*Res judicata pro veritate accipitur.* A judgment is conclusive evidence as between the parties, and sometimes as against all the world, of the matters adjudicated upon. The courts of justice may make mistakes, but no one will be heard to say so. For their function is to terminate disputes, and *their decisions must be accepted as final and beyond question*" (italics ours) (Salmond on Jurisprudence, 11th ed. (1957), sec. 177, p. 511).

Some of the authorities generally illustrating the application of these two rules, the rule of *res judicata* and the rule of collateral estoppel, are these: *Douglas v. Douglas,* 156 Tenn. 665, 4 S.W.2d 358; *Beare v. Burnett,* 162 Tenn. 610, 613, 39 S.W.2d 737; *Cantrell v. Burnett & Henderson Co.,* 187 Tenn. 552, 556-557, 216 S.W.2d 307; *Polsky v. Atkins,* 197 Tenn. 201, 206, 270 S.W.2d 497; *Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 195; 2 Freeman on Judgments (5th ed.), 546, 580, 627, 688, 693.

While the claim or cause of action is not merged in the judgment but remains the same as that on which the suit was brought (*Boynton v. Ball,* 121 U.S. 457, 466, 7 S.Ct. 981, 30 L.Ed. 985), still the determination of the suit is a determination of the character or nature of the claim, in the sense that the judgment and the record (1) affirmatively show that such claim or cause of action was non-dischargeable in bankruptcy, or (2) fail to make such showing.

In the former case, it is everywhere conceded that the bankrupt is conclusively bound by the record—cannot

show the claim or cause of action was different from that shown by the record; while in the latter case, some courts hold the creditor is not so bound by the record but may add to it by showing by parol or outside proof that the claim, which appears on the face of the record as dischargeable, was in fact non-dischargeable. See "Effect of Discharge in Bankruptcy," Smedley, 15 Vand.L.Rev. 49, 54-55.

But the rule established in this State, and which we think is supported on principle and by the overwhelming weight of the authorities, is that the question of the non-dischargeability of the original claim on which the judgment is based must be determined exclusively from the judgment and the record; and that extrinsic evidence is not admissible to show that the judgment is not affected by the discharge in bankruptcy.

In *Randolph v. Edmonds,* supra, the creditor, who had obtained a judgment for compensatory and for "punitive" damages, contended that the judgment was "for wilful and malicious injuries to the person" within Section 17, sub. a(2), and was not dischargeable in bankruptcy.

It was held: "Whether the act was wilful and malicious must be determined by the record of the case in which the judgment was recovered. *Fleshman v. Trolinger,* supra [18 Tenn.App. 208, 216, 74 S.W.2d 1069, 1074]."

The Court further held that that record must be construed so as to effect the bankrupt's remedy "[no] further than necessarily required by the affirmative showing of that record," and that since it did not affirmatively show the injuries were both wilful and malicious, the

judgment was discharged by the bankrupt's discharge in bankruptcy.

The same rule was applied in *Seward v. Gatlin,* 193 Tenn. 299, 246 S.W.2d 21, and in *Henderson v. Freshour,* 199 Tenn. 539, 287 S.W.2d 929, though in the latter case the Court found that the record did affirmatively show that the injuries were wilful and malicious and the judgment was, therefore, nondischargeable.

As said above, while there are some authorities to the contrary, the overwhelming weight of the authorities is in accordance with the rule above stated. Some of the cases so holding are *Aetna Cas. & Sur. Co. v. Sentilles* (1935 La.App.), 160 So. 149; *Karger v. Orth,* supra; *Burleson v. Langdon,* supra; *In re La Porte* (U.S.Dist. Ct., Oregon, 1943), 54 F.Supp. 911, 912; *Jacobs v. Beatty,* 165 Ohio St. 596, 138 N.E.2d 657; *Tudryck v. Mulch,* 320 Mich. 86, 30 N.W.2d 512; Annotation, 170 A.L.R. 368, 374-378; *Lawrence v. Wischnowsky,* 344 Ill.App. 346, 100 N.E. 2d 816, 818.

In *Lawrence v. Wischnowsky,* supra, the Court said:

"In the case at bar there is nothing in the record to show any nondischargeable feature of the obligation. It is a money judgment on the note so far as the record shows. We believe the better view is as announced in the note, supra, that the judgment creditor should not be permitted to go behind the judgment to show the nondischargeable feature of the obligation. For these reasons the obligation being dischargeable in bankruptcy as shown by the record of the judgment, *it is conclusive on the judgment creditor and he is not permitted to go behind the judgment."* (italics ours) (100 N.E.2d 818-819).

It may well be doubted that appellant, if permitted, could, upon the allegations of his bill (Ex. I), have made out his claim that appellee had incurred a liability "created by his fraud" while "acting in a fiduciary capacity" (*Davis v. Aetna Acceptance Co.,* supra); and even if there were such original liability, it may well be doubted whether it was not discharged and extinguished by the note. *Karger v. Orth,* supra; *Burleson v. Langdon,* supra; *Poster v. Andrews,* supra; *Arrowood v. McMinn County,* supra.

But without going into these matters, we think the decree below was correct upon the grounds above stated. The Chancellor's decree is affirmed and the costs of the cause are adjudged against appellant and the surety on its cost bond.