**FIRST NATIONAL BANK OF BURR OAK, Michigan, Plaintiff and Appellant,**

v.

**Martin A. SEAMON and Delores Seamon, Defendants and Respondents.**

**Civ. No. 8814.**

Supreme Court of North Dakota.

June 1, 1972.

**116**

Drey & Tuntland, Garrison, for plaintiff and appellant.

Conmy, Conmy, Rosenberg, Lucas & Olson, Bismarck, for defendants and respondents.

STRUTZ, Chief Justice.

This is an appeal from an order of the district court discharging a judgment in favor of the plaintiff and against the defendants. The facts are undisputed. On or about April 22, 1968, the defendants, husband and wife, made and delivered to the plaintiff bank their promissory note in the sum of $4,514.37, with interest at seven per cent per annum, payable in fifty-nine consecutive monthly installments of $75.24 each, and one installment of $74.62, which payments were to begin on June 7, 1968. As security for the payment of such note, the makers mortgaged to the plaintiff a 1968 Coachman twenty-foot travel trailer, complete with attachments as described in the mortgage.

On or about April 15, 1969, the travel trailer was completely destroyed in an accident involving another motor vehicle. One week after the accident, the insurance carrier for the owner of the other vehicle involved in the collision settled the claim of the defendants for the destruction of the mortgaged trailer by paying the defendants the sum of $4,312.17. At the time of the destruction of the trailer, the defendants still owed a balance of $3,842.28 on their debt to the plaintiff. After receiving the settlement for loss of the trailer, the defendants paid to the plaintiff the sum of $453.90, and thereafter defaulted in further payments.

After the defendants had defaulted, the plaintiff commenced an action against them on the note, alleging the facts which are set forth above and asserting that the defendants had retained the moneys so collected for the destruction of the mortgaged property. Judgment was entered against the defendants by default when they failed to appear in the action.

Subsequent to the entry of judgment, the defendant Martin Seamon filed a petition in bankruptcy and listed the plaintiff's judgment with his other debts. He received his discharge in bankruptcy, which purported to relieve him of the obligation of paying the judgment which had been entered against him. He then petitioned the court for an order cancelling such judgment of record because of his discharge in bankrutcy.

The district court granted the defendant's petition and entered an order discharging the plaintiff's judgment of record, and the plaintiff takes this appeal from such order, asserting that the retention by the defendant of the proceeds of the settlement made for the destruction of the mortgaged property and the conversion of such moneys for defendant's own use, instead of paying the debt owed to the plaintiff for which it had a mortgage on the property at the time of its destruction, constituted an unlawful and malicious injury to property under the Bankruptcy Act.

Section 35 of Title 11, United States Code Annotated, lists those debts which are not affected by a discharge in bankruptcy. It provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts except, among others, such as are "for willful and malicious injuries to the person or property of another," or such as "were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; . . . ."

The sole question for us to determine on this appeal is whether the conversion by the defendant of the proceeds of settlement for the destruction of the travel trailer which had been mortgaged to the plaintiff

constituted "willful and malicious injuries" to such property or "misappropriation or defalcation" of funds by the mortgagor while acting in a fiduciary capacity, so that a judgment based upon the plaintiff's claim for the money paid for the destruction of such mortgaged property was not discharged by the bankruptcy proceedings.

■ Where a judgment debtor proves a discharge in bankruptcy and seeks to have the judgment against him discharged of record, the judgment creditor has the burden of proving that the basis for the judgment was such that it rendered the judgment not dischargeable under the bankruptcy law. See Wysoski v. Collette, 126 N. W.2d 896 (N.D.1964).

■ The complaint in the action in which the plaintiff recovered its judgment against the defendants, and for the payment of which the defendant Martin Seamon now asserts he was released by his discharge in bankruptcy, alleged that the defendant had in his possession moneys which were the proceeds of the settlement for the destruction of property upon which the plaintiff held a mortgage; that the defendant converted such moneys to his own use and refused to pay the balance due the plaintiff as the holder of the mortgage. We hold that such complaint charges a willful and malicious injury to property, and also a misappropriation or defalcation of funds by one acting in a fiduciary capacity. The conversion was willful because it was voluntary; it was malicious because it was an intentional conversion of moneys due the mortgagee to which the defendant had no right in good morals or otherwise; and thus it was a misappropriation and defalcation of funds by the mortgagor while acting in a fiduciary capacity.

■ Our determination of this matter is sustained by the decisions of other jurisdictions. It has been held that the term "willful and malicious," as used in the Bankruptcy Act with respect to the discharge of liabilities of a bankrupt, need not involve actual malice. If an act which is wrongful is done intentionally and in disregard of what one knows to be his duty to another, it is done "willfully and maliciously," and the debt created by such act is not dischargeable in bankruptcy. In re Smith, 161 F.Supp. 896 (W.D.N.Y.1956).

■ The defendant knew that the moneys he had received for the destruction of the travel trailer, or so much thereof as was necessary to satisfy the mortgage, should rightfully be paid to the plaintiff. He argues, however, that the plaintiff, in its complaint on which it recovered the judgment sought to be discharged of record, did not specifically allege and prove that the defendant acted willfully and maliciously. In that regard, it has been held that it is not necessary to allege willful and malicious injury in the language of the Bankruptcy Act in order to prevent a judgment from being dischargeable. Henderson v. Freshour, 199 Tenn. 539, 287 S.W.2d 929 (1956). An injury, to be willful and malicious, need not involve special or actual malice, but may merely involve a willful disregard of what one knows to be his duty: an act which is against good morals and wrongful in itself and which causes injury to another and is intentionally done. In re Stenger, 283 F. 419 (E.D.Mich.S.D.1922).

■ In order to determine whether a judgment is within the exception to the Bankruptcy Act so as to prevent its discharge, the court may examine the entire record in the original action. This court has held, in proceedings by one who has received his discharge in bankruptcy and who seeks to have a judgment discharged of record, if the verdict and judgment are not determinative of whether the injury was willful and malicious, the court may consider the entire record in the action in which the judgment was rendered. Campbell v. Norgart, 73 N.D. 297, 14 N.W.2d 260 (1944); Siewert v. Norgart, 73 N.D. 307, 14 N.W.2d 265 (1944). See also Tudryck v. Mutch, 320 Mich. 86, 30 N.W.2d 512 (1948).

Thus, where the complaint in the action by the plaintiff against the defendant alleged that the defendant had in his possession moneys which were the proceeds of a settlement for the destruction of mortgaged property, and that the defendant converted such moneys to his own use and refused to pay them to the holder of the mortgage, the complaint does charge a willful act maliciously done to injure the plaintiff as mortgagee. It has been held that an act of conversion, if willful and malicious, constitutes willful and malicious injury to property, liability for which is not released by a subsequent discharge in bankruptcy. Massachusetts Bonding & Insurance Co. v. Lineberry, 320 Mass. 510, 70 N.E.2d 308 (1946).

The conversion of such moneys not only was a willful and malicious injury to property, it also was a misappropriation and defalcation of funds held by the mortgagor in a fiduciary capacity, and for that reason the judgment against him is not dischargeable in bankruptcy. A settlement by a wrongdoer with either the mortgagor or the mortgagee is a bar to an action by the other. The amount paid in such event is held in trust by the one who collects it, to be applied according to the respective rights of the mortgagee and mortgagor. 15 Am.Jur.2d Chattel Mortgages, Sec. 187, p. 355. Since the mortgagor's interest in the damages recovered is only the excess over the unpaid amount due on the mortgage debt [Samuell v. Moore Mercantile Co., 62 Mont. 232, 204 P. 376 ‘(1922)], he holds the total recovery in trust, to be applied as between himself and the mortgagee according to their respective rights. Harris v. Seaboard Air Line Ry. Co., 190 N.C. 480, 130 S.E. 319 (1925).

Therefore, the discharge in bankruptcy of a defaulting mortgagor who retains the proceeds of a settlement for the mortgaged property's destruction, which proceeds were more than sufficient to satisfy the balance due on the mortgage debt, and which proceeds were paid to him by the party liable for the destruction of the mortgaged property, does not release the mortgagor from liability for payment of a judgment recovered for such mortgage debt.

The judgment of the district court is reversed.

ERICKSTAD, PAULSON, KNUDSON and TEIGEN, JJ., concur.