J. D. McMILLIN, JR., Appellee, v. GREAT
SOUTHERN CORPORATION, Appellant.
—480 S.W.2d 152

Western Section. January 6, 1972.

Certiorari Denied by Supreme Court May 1, 1972.

734

Ernest B. Kimpel, Jr., Memphis, for appellant.

C. Thomas Cates of Burch, Porter & Johnson, Memphis, for appellee.

NEARN, J. J. D. McMillin, Jr., was one of the pre-organization subscribers of stock and a former employee of the defendant, Great Southern Corporation. Shortly after incorporation, a ten-year stock option to purchase a stated number of shares of the defendant corporation at the price of One Dollar ($1.00) each was given by the defendant corporation to complainant and certain others of the pre-organization subscribers of stock. Complainant obtained the option prior to becoming employed by the corporation. After complainant left the employment of the defendant and within the ten-year period provided for in the option, he attempted to exercise the option but the defendant refused to issue the complainant the stock. The refusal was based on the theory that the option was conditioned upon the optionee being an employee of the corporation at the time of exercise and, although the option contained no such condition, it was intended to be contained therein and McMillin knew of the true intent and the condition when he acquired the option.

Complainant filed suit for specific performance. The Chancellor decreed specific performance in favor of the complainant and the defendant has appealed.

Appellant's Assignments of Error are:

"I.

The Court erred in holding that the option was valid and enforceable although the clear and uncontroverted proof is that it was without consideration and its granting was an ultra vires act and unenforceable.

II.

The Court erred in striking defendant's amendment to its answer.

III.

The Court erred in refusing to reform the instrument to provide for the consideration for the option.

IV.

The Court erred in its failure to apply the doctrine of estoppel so as to estop complainant from seeking to exercise an option under circumstances that as a Director and Officer of the company, he had acquiesced in for a period of five years or more."

The Answer of the defendant sets up as defenses: (a) the option was intended to be issued as a restricted stock option; that is, available to the optionee only during employment and conditioned upon employment by the corporation at the time of exercise; (b) that complainant knew of the intent of the corporation in issuing the option to the complainant; (c) the complainant, when a member of the Board of Directors and the Secretary-Treasurer of the corporation, was instructed to draft the option ageement containing the said restriction, but failed to do so; (d) by participation in a stockholders

meeting wherein the motion was made and carried without protest that the option agreement be considered to be exercisable only by an employee; that complainant is estopped to deny the restriction; (e) that complainant is not seeking to purchase the stock for investment only as provided for in the option agreement; (f) if the stock option was not issued as intended by the corporation, it was an ultra vires act and void; and (g) complainant is guilty of laches.

After opening statements, counsel for defendant moved to amend its Answer to affirmatively plead reformation of the option agreement. The Chancellor reserved ruling on the motion but during trial permitted defendant to offer any proof it had in support of reformation. At the conclusion of all the proof, the Court denied the motion to amend. The Court was of the opinion that reformation could only be had by way of a Cross-Bill, but it was also of the opinion and held that if the Court were incorrect on that point, the facts alleged and the proof offered did not support reformation of the written option.

The Chancellor, in his written Option, found each of the defenses of Great Southern Corporation to be without merit and granted relief to complainant as aforesaid.

It is well to note that this matter arrives in this Court accompanied by the presumption of the correctness of the Decree below, unless the evidence preponderates to the contrary. T.C.A. 27-303.

The minutes of the defendant corporation, without contest, reflect that on February 25, 1961, the Directors

of the defendant corporation, Hilliard R. Crews, Charles J. Vaught, Jr., and J. D. McMillin, Jr., met at a duly called meeting and that one of the purposes thereof was to "set up stock options for the subscribers to the pre-organization subscription agreement". The minutes further reflect that "Details of the stock option are to be worked out by a committee composed of Messrs. Crews, Vaught, and McMillin. The stock option to be for a ten year period."

The proof shows that McMillin was given several copies of other stock options issued by other corporations to use as a format or guide. Also, the proof shows that McMillin was the prime draftsman of the stock option in question. The real dispute is over the question of just what instructions were given to the option committee and to McMillin, in particular, concerning the contents of the proposed option. It was the complainant's testimony that he was simply given the copies of other corporate options to use as a guide, and that he did so and prepared the option in question which was submitted to and approved by all other option committeemen and the Directors of the corporation. It was the defendant's contention that the guide option agreements were given to complainant with explicit instructions to incorporate in the option agreement, the portions of a Plough, Inc., option agreement (one of those given to complainant as a guide) which provided, in effect, that the optionee must be an employee of the corporation in order to exercise the option.

Begging the question of whether or not reformation was properly sought by appropriate pleadings, we have reached the same conclusion as that reached by the

Trial Judge. The defendant's proof fails the requirements of reformation. The issue of fraud is not pled, proved or seriously intimated by the defendant. To reform a written instrument for mistake, there must have been a mutual mistake, or mistake of one party influenced by the other's fraud. Jones v. Jones (1924) 150 Tenn. 554, 266 S.W. 110. Whether the reformation be based on fraud or mutual mistake, the evidence must be clear, cogent and convincing to sustain reformation. Marron v. Scarbrough (1958) 44 Tenn.App. 414, 314 S.W.2d 165. The uncontradicted proof in this case negates any positive inference of fraud or mistake. It is admitted by defendant that after the subject option agreement was drafted, each of the corporate Directors were given the opportunity to read, reject or modify the option agreement. The record further shows that McMillin placed no pressure on anyone to approve the option agreement. The testimony of the other Directors and committeemen was to the effect that they just didn't read the option agreement before signing in behalf of the corporation, or failed to realize that the restriction was not contained therein. The testimony of the complainant was that he was never instructed to place any such restriction therein and there was no conversation about it. The proof in this cause is neither clear, cogent, nor convincing that any fraud was perpetrated or that a mutual mistake was made, and the evidence does not preponderate against the finding of the Chancellor that neither occurred.

■ Also, the Chancellor correctly held that absent the showing of fraud or mutual mistake, any proof tending to show that the option was intended to be restricted as alleged by the defendant, was violative of the parol evidence rule.

740

We are of the opinion that the reasoning of this Court expressed in the case of E. O. Bailey & Co. v. Union Planters Title Guaranty Co. (1949) 33 Tenn.App. 439, 232 S.W.2d 309, is applicable to the case at bar. In the *Bailey* case, after first holding that the defendant's Answer was purely defensive in nature and reformation could not be had on such pleading, this Court pointed out that "a party called upon to meet his obligations under a contract will not be heard to say that he did not read it when he signed it, or that he was unaware of what it contained. Any other view would throw overboard the principal basis of our business and commercial life." Citing DeFord v. National Life & Accident Ins. Co. (1945) 182 Tenn. 255, 185 S.W.2d 617, and others.

 We find no ambiguity in the subject stock option agreement. In its essentials it grants complainant an option for a ten-year period to purchase from the defendant company 15,000 shares of its capital stock at the price of One Dollar ($1.00) per share. The optionee represents and agrees therein that any shares purchased pursuant to the option will be purchased for investment only and not with a view to the distribution for the resale thereof. The option agreement is completely silent as to any restriction based upon the optionee being an officer or employee at the time of exercise. Such silence creates no ambiguity. Parol evidence may not be considered unless the writing is ambiguous and then only to explain, not to contradict or vary. Parol evidence can be admitted to contradict or vary the terms or enlarge or diminish the obligation of a written instrument only upon a showing of fraud, accident, mistake, etc. Littlejohn et al. v. Fowler (1868) 45 Tenn. 284.

By its first Assignment of Error appellant contends that the "clear uncontroverted" proof is that the option agreement was without consideration. The second paragraph of the option agreement is as follows:

"NOW THEREFORE, in consideration of the premises and the mutual covenants hereinafter set forth and for other good and valuable consideration, the parties hereto have agreed, and do hereby agree, as follows: * * *"

The foregoing is a clear statement of a valuable consideration. Section 47-1702, T.C.A., provides that all written contracts signed by the party to be bound are prima facie evidence of a consideration. Further, in the agreement the optionee covenants that the stock will be purchased for investment purposes only. This covenant per se constitutes a consideration.

In view of the written contract, the burden was not upon the complainant to show consideration. T.C.A. 47-1702 places the burden of overcoming this presumption upon the party relying upon the lack of consideration. See Douglas v. General Motors Acceptance Corporation (1959) 205 Tenn. 432, 326 S.W.2d 846. The defendant has not carried that burden.

Without lengthening this Opinion to copy the verbiage of the charter, suffice it to say we also concur in the Chancellor's holding that the stock option is not in violation of other terms of the charter and the issuance of same was not an ultra vires act.

We are also of the opinion that Assignments of Error I and III are repugnant. Assignment of Error I faults the Court for holding the option to be valid although the "clear uncontroverted" evidence shows it was without consideration. Assignment of Error III faults the Court for not finding that there was consideration for the option and reforming same to show the consideration. We presume both assignments are based upon the same "clear uncontroverted" proof.

Assignments of Error I, II and III are respectfully overruled.

The Chancellor found that complainant was not present at the stockholders meeting, subsequent to the issue of the options, when a motion was adopted placing the condition of employment on the exercise of complainant's stock option. In the defendant's Answer, the complainant's presence at this meeting and his failure to speak out were set out as the basis for estoppel. We concur in the Chancellor's finding that the proof shows that complainant was not present at that meeting when the motion was passed. Furthermore, the doctrine of estoppel would not be applicable even if complainant were present at the meeting. There has been no reliance upon the alleged silence of the complainant by the defendant which caused defendant to change positions to defendant's detriment. See Lawrence County v. White (1956) 200 Tenn. 1, 288 S.W.2d 735.

The last Assignment of Error is respectfully overruled.

The result is that the Decree of the Chancellor is affirmed at the cost of the appellant.

Carney, P.J., and Matherne, J., concur.