IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

May 21, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

RUTH L. WILLIAMS,  ) C/A NO. 03101-9807-CH-00239
  )
   Plaintiff-Appellant,  ) LOUDON CHANCERY
  )
v.  ) HON. FRANK V. WILLIAMS, III
  ) CHANCELLOR
JAMES BOTTS and wife, BRENDA  )
BOTTS,  ) AFFIRMED
  ) AND
   Defendants-Appellees.  ) REMANDED

CHRIS RALLS, Maryville, for Plaintiff-Appellant.

REX A. DALE, JOHNSON & DALE, Lenoir City, for Defendants-Appellees.

**O P I N I O N**

Franks, J.

In this action, the issue is the width of plaintiff's right-of-way across a portion of defendants' property. The Trial Court determined the width to be 25 feet and the plaintiff has appealed.

Plaintiff Ruth Williams and her husband Murray, now deceased, owned a tract of land in Loudon County. In 1975, the Williams swapped a tract of land with C.L. Williams, to gain access to Highway 321 (formerly Highway 95). The land acquired by C.L. Williams is now owned by the Creeks. It is uncontested that Ruth Williams possesses a sixty-foot wide easement running from the northwest corner of the Creek property to Highway 321.

On November 11, 1975, plaintiff and her late husband sold part of their property to defendant James Botts. The deed provided a twenty-five-foot wide easement beginning at the northwest corner of the property and running east to Highway 321. On April 6, 1978, the Williams sold a tract to Larry and Robin Young, and by a deed dated June 30, 1978, the Williams granted the Youngs a twenty-five-foot easement extending from the southwest corner of the property to Highway 321. On January 15, 1979, the Williams sold another tract to Carroll Price and granted a twenty-five-foot easement extending from the southwest corner of the property to Highway 321. Murray Williams died in 1979, and James Botts eventually acquired both Price and Youngs' tracts. Botts purchased the tract which is the subject of this dispute from Ruth Williams in August 1994. Both parties signed a correction deed on December 15, 1994, to clarify a matter not here in dispute. Neither the original warranty deed nor the correction deed mentions any easement.

The parties stipulated that Loudon County requires a fifty-foot wide strip to consider the land for dedication as a county road.

This action was filed in 1997, alleging that the plaintiff possessed a sixty-foot easement, and sought reformation of the two deeds to reflect the sixty-foot easement. She alleged that the omission was based on mutual mistake or alternatively, a unilateral mistake induced by the Botts' fraudulent conduct.

Upon trial, the Chancellor held that Ruth Williams possessed a sixty-foot easement extending from Highway 321 to the northwest corner of the Creek tract, and a twenty-five-foot wide easement thereafter across the Botts' tracts.

"[R]eview of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." T.R.A.P. 13(d). The same presumption does not apply to conclusions of law.

2

The plaintiff contends that the Trial Court erred in not recognizing and invoking James Botts' judicial admission that the plaintiff possessed a fifty-foot easement extending from the southwest corner of the Young tract to Highway 321. All of the deeds for the Price and Young tracts refer to a twenty-five-foot easement. James Botts testified that he "assumed" this easement extended to the northern boundary of his twenty-five-foot easement associated with one of the tracts he had purchased from the Williams. He stated "I think it's side by side."

The sworn testimony at trial of a party to a case is a conclusive admission, binding upon him or her in the disposition of the case, unless there is credible evidence of other facts which would negate the effect of the fact admitted by a party. *Osborne v. Hartford Accident & Indem. Co.*, 476 S.W.2d 256 (Tenn.App. 1971). In this case, the Trial Court examined the deeds for the Price and Young tracts and determined that the proper boundary line for a portion of the Price and Young tracts extended into the middle of the purported sixty-foot easement. Accordingly, the Chancellor found credible evidence to support his finding of a single twenty-five-foot wide easement. Botts' testimony was equivocal and is negated by the evidence to the contrary. The evidence does not preponderate against the Trial Court's determination on this issue.

The plaintiff also argues that the Trial Court erred in ruling against her on her claim of mutual mistake or unilateral mistake induced by fraud or concealment of material facts. In order to reform a written instrument for mistake, there must have been either a mutual mistake, or a mistake of one party influenced by the other's fraud. *McMillin v. Great S. Corp.*, 480 S.W.2d 152 (Tenn.App. 1972). A "mistake" is an act which would not have been done, or an omission which would not have occurred, but from ignorance, forgetfulness, inadvertence, mental incompetence, surprise, misplaced confidence, or imposition, and it must be mutual or fraudulent.

3

*Town of McMinnville v. Rhea,* 316 S.W.2d 46 (Tenn.App. 1958).

Plaintiff argues that the parties' lack of discussion concerning the easement, and the failure of the deeds to mention it is evidence that the parties were operating under a mutual mistake. The Trial Court, in finding that plaintiff failed to prove her claim, said: "There's been no showing of a mutual mistake here. Mr. Botts clearly intended the 25-foot easement when the last deeds were prepared . . . and I think those deeds are valid and reflect the agreement of the parties exactly as they exist there . . . ".

The evidence preponderates in favor of the Trial Court's conclusion. James Botts testified that he intended for the plaintiff to have only a twenty-five-foot easement. He testified that the only easement the parties ever discussed was twenty-five feet wide. Additionally, the plaintiff did not mention the sixty-foot easement at the closing. The surveys done for both the original warranty deed and the correction deed depict the northern edge of the twenty-five-foot easement as the southern boundary of the adjoining tract.

The Trial Court also found against the plaintiff on her claim of unilateral mistake induced by fraud. He said:

> There's been no misrepresentation made by the Botts to her of any material fact, been no concealment on the part of the Botts of any material fact that Ms. Williams was entitled to know about. There was no reliance on her part of any misrepresentation of a material fact, no resulting damage to her because of any representation made by the defendants or any fraudulent concealment of a fact that the defendants had a duty to disclose to her.

Again, the evidence does not preponderate against the Trial Court's findings. The Trial Court found that although Murray Williams may have once intended a sixty-foot easement, the proof was insufficient to find that James Botts was ever aware of the deceased's intention. Additionally, the Trial Court noted that the plaintiff was intelligent and articulate and did not appear to be under the control or

influence of Botts. He also found that plaintiff was not confused or coerced at the closing. The testimony of the attorney who handled the closing and his secretary, supported the conclusion reached by the Trial Court.

Finally, plaintiff contends that the defendants defrauded her. She lists five "badges of fraud" which she claims are the basis of this fraud. As previously stated, the Trial Court found no fraud practiced by the defendants, and made extensive findings on the issue of fraud and the plaintiff's mental condition. The evidence does not preponderate against the Trial Court's findings. T.R.A.P. Rule 13(d).

The judgment of the Trial Court is affirmed and the cause remanded with the cost of the appeal assessed to the appellant.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
Charles D. Susano, Jr., J.

5