IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 13, 2001 Session

# TEX HELTON, ET AL. v. COLONIAL LOAN ASSOCIATION, INC., ET AL.

**Appeal from the Circuit Court for Hawkins County**
**No. 5029-J     John K. Wilson, Judge**

**FILED NOVEMBER 20, 2001**

**No. E2001-00060-COA-R3-CV**

---

Tex Helton and his wife sue Colonial Loan Association, Inc., and Lakeview Motors, Inc., seeking damages in connection with Colonial Loan's repossession of an automobile sold to them by Lakeview Motors. The Trial Court granted a summary judgment as to Colonial Loan. The claim as to Lakeview Motors has been concluded and this appeal only concerns the granting of a summary judgment in favor of Colonial Loan. We vacate the order granting summary judgment and remand.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Phillip L. Boyd, Rogersville, Tennessee, for the Appellants, Tex Helton and wife, Judy Helton

H. Scott Reams, Morristown, Tennessee, for the Appellee, Colonial Loan Association, Inc.

## OPINION

This is a suit by Tex Helton and his wife, Judy Helton, against Colonial Loan Association, Inc., and Lakeview Motors, Inc.,[1] arising from the sale of an automobile by Lakeview Motors to the Heltons and the assignment of an indebtedness incurred to purchase the automobile to Colonial Loan.

---

[1]     The claim against Lakeview Motors has been concluded and this appeal only concerns the grant of summary judgment in favor of Colonial Loan.

The Heltons seek damages for unlawful repossession of the automobile, trespass and violation of the Tennessee Consumer Protection Act, codified in Tennessee Code Annotated, 47-18-101, et seq.[2]

The facts are relatively undisputed. On August 25, 1997, the Heltons purchased a 1990 Mazda Miata automobile from Lakeview Motors and entered into a security agreement which secures payment of the purchase price. Shortly thereafter the Heltons found the Mazda was too small for their family and purchased a 1991 Toyota Celica on September 20, 1997. In connection with this transaction, an agreement of substitution of collateral was entered into between the Heltons, Lakeview Motors and Colonial Loan. The vehicle substituted, however, was not the vehicle actually purchased by the Heltons, but, instead, a 1990 Toyoto Celica. Title for the 1991 Toyota was issued to the Heltons which showed no lien.

The Heltons became delinquent as to two or three payments on the loan and Colonial Loan repossessed the 1991 Toyota and stored it with Lakeview Motors.

The repossessed automobile was ultimately sold on March 2, 1998, although the notice of sale described the 1990 Toyota. Over four months later, on July 7, 1998, a suit was filed by Lakeview Motors which had repurchased the original obligation from Colonial Loan to recover the balance owed on the indebtedness after sale of the 1991 Toyota. This suit precipitated the filing of the case presently on appeal.

The Trial Judge sustained a motion for summary judgment by Colonial Loan to reform the substitution of collateral instrument to show that the vehicle substituted was the 1991 Toyota rather than the 1990 Toyota. He also granted summary judgment in favor of Colonial Loan as to the original action filed by the Heltons.

The Heltons appeal contending that the Trial Judge erred in granting Colonial Loan's motion for summary judgment to reform the substitution of collateral instrument, and in granting summary judgment against them as to their original claim.

Our standard of review as to summary judgments has been recently restated in the case of Staples v. CBL & Associates S.W.3d 83, 89 (Tenn. 2000):

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when

---

[2] The Heltons' brief does not address the violation of the Tennessee Consumer Protection Act and we will notice it no further.

both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

We conclude the Trial Court acted properly in granting the summary judgment as to the counter-claim of Colonial Loan seeking reformation. We say this because Mrs. Helton in her deposition specifically acknowledged that it was in fact the 1991 Toyota that was purchased and should have been substituted as collateral. Thus, we have a mutual mistake justifying reformation. Williams v. Botts, 3 S.W.3d 508 (Tenn. Ct. App. 1999).

It does not follow, however, that Colonial Loan was entitled to repossess the 1991 Toyota which was titled to the Heltons without any notation of lien at the time the repossession occurred. Of course, if the judgment reforming the substitution of collateral instrument had been effected prior to repossession we would find no fault on the part of Colonial Loan.

The facts leading up to repossession are that representatives of Colonial Loan talked with Mrs. Helton and advised her it would be necessary for Colonial Loan to repossess the vehicle. At that time, Colonial Loan had no notice that its lien had not been perfected. Although a representative of Colonial Loan told Mrs. Helton that repossession would take place on a Saturday morning at the home of the Heltons, it in fact took place on Friday night when the vehicle was parked in the Heltons' front yard some 10 feet from their driveway. Mrs. Helton never specifically granted Colonial Loan authority to repossess the vehicle, but it does appear that she acquiesced in the vehicle being repossessed on Saturday morning.

Because at the time of repossession the Heltons had title to the 1991 Toyota, unencumbered by a lien, we conclude that Colonial Loan's repossession was unwarranted. Moreover, it is arguable that if in fact it did have a valid lien, the repossession on the night before Colonial Loan's representative had told Mrs. Helton that it would repossess was likewise unwarranted.

Finally, it appears that certain personal property owned by the Heltons was in the car and only a portion of the property was ever returned to the Heltons. They would at least be entitled to a judgment for the value of the unreturned personal property which was in the repossessed automobile, as well as at the very least a judgment for nominal damages for trespass.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for proceedings not inconsistent with this opinion. Costs of appeal are adjudged against Colonial Loan Association, Inc.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE