IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
NOVEMBER 5, 2003 Session

## ZION HILL BAPTIST CHURCH, Through Its Trustees v. GARRY J. TAYLOR, ET UX.

**Direct Appeal from the Chancery Court for Rutherford County**
**No. 02-3969M1      Robert E. Corlew, III, Chancellor**

---

**No. M2002-03105-COA-R3-CV - Filed February 9, 2004**

---

This case involves a dispute over the existence and location of two easements and a request for a mandatory injunction. The first disputed easement arises from the usage of the Plaintiff's property by adjacent owners and the second disputed easement arises from a transfer of property from the Defendants to Plaintiff. The trial court below found that only one of the disputed easements was before the court as an issue and found the easement existed over Plaintiff's land. In addition, the trial court did not issue, and made no findings regarding, the mandatory injunction requested by Defendants. For the following reasons, we affirm in part and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Jack Gritton, Murfreesboro, TN, for Appellants

Dicken E. Kidwell, Murfreesboro, TN, for Appellee

### OPINION

#### Facts and Procedural History

The parties in this case are neighboring landowners of parcels of land, fronting and in the vicinity of Swamp Leanna Road. The Plaintiff, Zion Hill Baptist Church ("Plaintiff' or "Church"), and Kellie Ross ("Ross"), who already lived on Swamp Leanna Road, each purchased a portion of a tract of land in 1965. Specifically, the Church purchased a one-acre portion fronting Swamp Leanna Road and Ross purchased a 7.82 acre portion which had no outlet to the road. To access this

7.82 acres, Ross utilized the Church's one-acre tract, fronting the road, from 1965 to 1989, when Ross sold the property to Defendants, Garry and Faleecia Taylor (collectively the "Taylors" or "Defendants"). Both the Taylors and Ross passed through a gate in the southeast corner of the Church's property to enter the 7.82 acre tract. The Taylors openly and consistently continued to use the Church's property fronting Swamp Leanna Road to access this 7.82 acre tract, despite the fact that the Taylors already owned a tract of land fronting the road.

The Taylors were approached by representatives of the Church, because the Church wanted to purchase a one-acre portion of the land the Taylors bought from Ross. The Taylors were reluctant to sell any land at first, but, eventually, in 1996, they agreed to trade an acre of their land for an acre, owned by Ronnie Ross, positioned to the south of the Taylors' land that fronted Swamp Leanna Road. The parties dispute whether the Taylors were to retain an easement over the one-acre tract they "swapped" to the Church, however, the deed for the one acre from the Taylors to the Church contains the following statement:

> The undersigned reserves an easement across the land herein conveyed from the gate in the north line of the property herein conveyed and in the SW corner of the property now owed [sic] by Zion Hill Baptist Church for the purpose of ingress and egress to the remaining property of the undersigned.

It is undisputed that there is no gate in the southwest corner of the Church's property fronting Swamp Leanna Road and the only gate is in the southeast corner. However, after transferring this property, Taylor moved the gate at the Church's original southeast corner straight south until it reached the new border between the Taylors' and the Church's properties.

In addition, Ross installed a septic tank for the pastor of the Church's house in 1972. As a result, some of the field lines for the tank, which are underground, run across the land that the Taylors purchased from Ross. Ross did not tell the Taylors about the field lines before selling this land to them in 1989.

The Church filed a complaint in the Chancery Court for Rutherford County, seeking a declaration as to whether any easement exists over either of the Church's parcels of land purchased in 1965 or 1996. The Defendants answered and counterclaimed, seeking reformation of the deed transferring the one acre parcel to the Church or enforcement of the easement as stated in the deed. In addition, Defendants sought an injunction requiring the Church to remove the septic tank field lines from Defendants' property as well as any monetary damages resulting from such field lines. Though Defendants did not seek a declaration of an easement by prescription over the Church's parcel it acquired in 1965, Defendants moved the trial court to amend the pleadings pursuant to Rule 15.02 of the Tennessee Rules of Civil Procedure, which the trial court apparently denied.[1] The court

---

[1] The trial court, in its findings of fact and conclusions of law, stated that "[w]e do not have before us the issue of ability of the Defendant[s] to utilize land which was the property of the Plaintiff prior to the events which

(continued...)

below reformed the deed from the Taylors to the Church, recognizing that the Taylors hold an easement, sixteen feet in width, beginning at the gate in the *southeast* corner rather than the *southwest* corner which runs straight south to the Taylors' property. However, the court did not address whether an easement exists over the Church's parcel fronting Swamp Leanna Road, essentially giving Taylor an easement to nowhere. In addition, the trial court denied Defendants' request for an injunction or monetary damages from the presence of the septic tank field lines on their land. The Defendants subsequently moved to alter or amend the final judgment, requesting the trial court consider the issue of an easement by prescription through Rule 15.02 and that it grant the injunctive relief prayed for in Defendants' counter-complaint. In its order, the trial court only recognized that Plaintiff's septic tank field lines are on Defendants' land and denied Defendants' motion to alter or amend. The Taylors timely appealed to this Court and present the following issues, as we perceive them, for our review:

I. Whether the trial court erred by not including an easement over the Church's 1965 parcel of land in the reformation of the 1996 deed based on mutual or unilateral mistake;

II. Whether the trial court erred by not amending the pleadings to conform to the evidence for theories of easement by prescription, easement by equitable estoppel, and easement by implication; and

III. Whether the trial court erred by denying Defendants' motion to alter or amend the judgment to include an injunction requiring removal of the septic tank lines.

For the following reasons, we affirm in part and remand for further proceedings.

**Standard of Review**

When reviewing the findings of fact of a trial court sitting without a jury, this Court examines such findings *de novo* upon the record with a presumption of correctness. Tenn. R. Civ. P. 13(d); *Williams v. Botts*, 3 S.W.3d 508, 509 (Tenn. Ct. App. 1999). In order to reverse a finding of fact, the evidence in the record must preponderate otherwise. *Williams*, 3 S.W.3d at 509. No presumption of correctness attaches to the trial court's conclusions of law. *Id.* For determinations of whether the parties tried an issue by implied consent, such decisions are within the discretion of the trial judge and can only be reversed by this Court upon finding an abuse of discretion. *Zack Cheek Builders, Inc. v. McLeod*, 597 S.W.2d 888, 891 (Tenn. 1980) (citing *Laffey v. Northwest Airlines Inc.*, 567 F.2d 429, 478 (D.C. Cir. 1976)). Finally, "[t]he standard of review respecting injunctive relief is whether the trial court erred in exercising its discretion in the issuance or nonissuance of the injunction." *Medtronic, Inc. v. NuVasive, Inc.*, No. W2002-01642-COA-R3-CV, 2003 Tenn. App. LEXIS 590, at *28 (Tenn. Ct. App. Aug. 20, 2003); *see also City of Whitwell v. W. Valley Water Sys., Inc.*, No. M2002-02959-COA-R3-CV, 2003 Tenn. App. LEXIS 783, at *21 (Tenn. Ct. App.

---

[1](...continued)
gave rise to this question, but only are dealing with the rights to the easement which we find was properly reserved by Defendants in their Deed. . . ."

-3-

Nov. 3, 2003); *Bd. of Comm'rs of Roane County v. Parker*, 88 S.W.3d 916, 919 (Tenn. Ct. App. 2002).

## Reformation Based on Mutual and Unilateral Mistake

Defendants first argue that the trial court erred by not reforming the 1996 deed from Defendants to Plaintiff to include an easement over Plaintiff's original parcel of land that fronts Swamp Leanna Road. "To reform a written instrument for mistake, there must have been a mutual mistake, or mistake of one party influenced by the other party's fraud." *McMillin v. Great S. Corp.*, 480 S.W.2d 152, 155 (Tenn. Ct. App. 1972) (citing *Jones v. Jones*, 266 S.W. 110 (Tenn. 1924)). For mutual mistake, the Middle Section of this Court has stated:

> A mutual mistake is one that must be common to both parties. It must be shown that both parties intended to agree to the same thing, but the contract, through error, fails to express that mutual and identical intent. A mutual mistake is one where both parties to a bilateral transaction share the same erroneous belief, and their acts do not in fact accomplish their mutual intent.

*Russell v. Sec. Ins. Inc. et al. v. McPherson*, No. 01A01-9803-CV-00135, 1999 Tenn. App. LEXIS 102, at *5 (Tenn. Ct. App. Feb. 18, 1999) (citations omitted). In addition, it is well-settled that a unilateral mistake alone by one party is insufficient for invalidating an agreement; it must be coupled with or induced by the fraud or inequitable conduct of the other party. *Renfroe v. Cameron*, No. 64, 1989 Tenn. App. LEXIS 507, at *2 (Tenn. Ct. App. July 28, 1989) (citing 66 Am.Jur.2d *Reformation of Instruments* § 12). Whether attempting to demonstrate the need for reformation based upon mutual mistake or unilateral mistake coupled with fraud, the evidence must be clear, cogent, and convincing. *Marron v. Scarbrough*, 314 S.W.2d 165, 173 (Tenn. Ct. App. 1958).

While it appears that the Defendants may have intended to mention an easement over the Church's property fronting Swamp Leanna Road, there is no evidence, much less clear, cogent, and convincing evidence, that the Church also intended to grant such easement to Defendants in the 1996 transaction. The only testimony supporting Defendants is their own. The only other evidence cited by Defendants supporting a theory of mutual mistake appears on the Church's site plan. Such plan makes reference to the reservation of an easement by Defendants but it is written on, and appears to refer to, the one-acre tract of land transferred from Defendants to the Church in 1996. Therefore, this Court cannot say the trial court erred when it did not reform the 1996 deed under a theory of mutual mistake to include an easement over the Church's property fronting Swamp Leanna Road.

Next, Defendants argue that the trial court erred when it refused to apply the theory of unilateral mistake to reform the 1996 deed to include an easement over the Church's property fronting Swamp Leanna Road. After our review of the record, this argument also fails. Other than the assertions of Defendants, the record is devoid of any evidence of fraud on the part of the Church, its Board of Deacons, or its members. Therefore, we affirm the trial court's refusal to reform the 1996 deed to include an easement over the Church's parcel fronting Swamp Leanna Road, which it acquired in 1965.

The Church raises as an additional argument that the trial court erred when it found that the Defendants had reserved an easement across the land transferred in 1996, reforming the 1996 deed to reflect this intent. This Court cannot say the trial court erred in making this determination, because the evidence supports such a reformation. While there was testimony by the Church's members that the Church had no intent to grant Defendants an easement, the 1996 deed contains language reserving such easement over the one-acre tract transferred from Defendants to the Church. In addition, though the easement was to begin at the gate in the southwest corner, there was undisputed testimony that no such gate ever existed and the only gate that the 1996 deed could be referring to was in the southeast corner. This Court cannot say the trial court erred when it reformed the 1996 deed to grant Defendants an easement across the one-acre property transferred from Defendants to the Church.

## Pleadings Conforming to the Evidence

Next, Defendants argue that the trial court erred when it denied Defendants' motion to amend the pleadings to conform to the evidence presented at trial. Specifically, Defendant contends that the evidence presented raised the issue of the existence of an easement by prescription,[2] which was tried by implied consent and should have been decided in Defendants' favor, though not pled. The Tennessee Supreme Court has spoken on the requirements for amending the pleadings to conform to the evidence as follows:

> Thus it is clear that Rule 15.02 seeks to place substance over form, and the real question before us is not whether the amendment was timely made, but whether or not the parties actually tried the issue delineated by the amendment. In short, the ultimate inquiry is whether there was implied consent from all parties in this case to try the concomitant defense of contributory negligence.

> Generally speaking, trial by implied consent will be found where the party opposed to the amendment [knew] or should reasonably have known of the evidence relating to the new issue, did not object to this evidence, and was not prejudiced thereby. A succinct statement of this rule appears in *Browning Debenture Holders' Committee v. Dasa Corp.*, 560 F.2d 1078, 1086 (2nd Cir. 1977), where it is said that:

>> In a motion under rule 15(b) to amend the complaint to conform to the proof, the most important question is whether the new issues were tried by the parties' express or implied consent and whether the defendant . . . would be prejudiced by the implied amendment, i.e., whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory.

---

[2] As noted above, Defendants also contend that the issues of easement by implication and easement by estoppel were raised by the testimony at trial. However, such issues were not included in Defendants' motion to amend the pleadings and, additionally, the testimony at trial does not suggest that such issues were tried by consent.

*See also Saalfrank v. O'Daniel*, 533 F.2d 325, 330 (6th Cir. 1976). The determination of whether there was implied consent rests in the discretion of the trial judge, whose determination can be reversed only upon a finding of abuse. *Laffey v. Northwest Airlines Inc.*, 185 U.S. App. D.C. 322, 567 F.2d 429, n.370 (D.C. Cir. 1976).

Because of proof problems at trial, the commentators warn that:

> Implied consent . . . is much more difficult to establish (than express consent) and seems to depend on whether the parties recognized that an issue not presented by the pleadings entered the case at trial. A party who knowingly acquiesces in the introduction of evidence relating to issues that are beyond the pleadings is in no position to contest a motion to conform. Thus, consent generally is found when evidence is introduced without objection, or when the party opposing the motion to amend himself produced evidence bearing on the new issue. (Parenthetical insert added.) 6 Wright & Miller, Federal Practice and Procedure § 1493 at 462-63 (1971).

*Zack Cheek Builders*, 597 S.W.2d at 890-91. Given that there was no express consent by the Church to allow amendment to the pleadings to add the issue of easement by prescription, we must determine whether the trial court abused its discretion by deciding that the Church did not consent by implication. Though there is evidence that could relate to the issue of easement by prescription, we cannot say that the trial court abused its discretion when it determined that this issue was not before the court below. The testimony that the Defendants cite in their brief could relate to the issues that were pled in Defendants' counter-claim. Consequently, we affirm the trial court's refusal to amend the pleadings.

### Injunction for Removal of Septic Lines

Finally, the Defendants argue that the trial court erred when it refused to issue an injunction ordering the Church to remove its septic tank field lines, which the trial court found to be on the Defendants' land. As noted above, we review the issuance or nonissuance of an injunction by the trial court under an abuse of discretion standard. *Medtronic, Inc.*, 2003 Tenn. App. LEXIS 590, at *28; *W. Valley Water Sys., Inc.*, 2003 Tenn. App. LEXIS 783, at *21; *Parker*, 88 S.W.3d at 919. When a trial court decides to grant an injunction, several factors are to be considered such as the danger of irreparable harm, the inadequacy of other remedies, the benefit to the plaintiff, the harm to the defendant, and the public interest. *See, e.g. Union Planters' Bank & Trust Co. v. Memphis Hotel Co.*, 139 S.W. 715, 718-19 (Tenn. 1911); *Butts v. S. Fulton*, 565 S.W.2d 879, 882 (Tenn. Ct. App. 1977) (citing *Wilson v. Louisville & Nashville L.R. Co.*, 12 Tenn. App. 327 (Tenn. Ct. App. 1930)); *Henry County v. Summers*, 547 S.W.2d 247, 251 (Tenn. Ct. App. 1976) (citing *King v. Elrod*, 268 S.W.2d 103 (Tenn. 1953)); *Kaset v. Combs*, 434 S.W.2d 838, 841 (Tenn. Ct. App. 1968)

(citing *Greene County Tire & Supply, Inc. v. Spurlin*, 338 S.W.2d 597 (Tenn. 1960); *Herbert v. W.G. Bush & Co.*, 298 S.W.2d 747 (Tenn. Ct. App. 1956)); *see also* 42 Am.Jur.2d *Injunctions* § 14 (2000); Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 4-3(b) (1999). However, in this instance, the trial court failed to make any findings of fact regarding any of the relevant factors and nothing in the record indicates that the trial court considered this issue.[3] For this reason, we remand this cause to the trial court for findings on the issue of the requested injunction.

**Conclusion**

For the following reasons, we affirm part of the decision of the trial court and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed equally to Appellants, Garry and Faleecia Taylor, and their surety, and Appellee, Zion Hill Baptist Church, for which execution may issue if necessary.

---

ALAN E. HIGHERS, JUDGE

---

[3] The final judgment for this case makes no mention of the trespass issue nor does the trial court's attached findings of fact. Subsequently, Defendants in this case, in their motion to alter or amend the judgment, requested the trial court grant them a mandatory injunction ordering removal of the septic tank field lines. In its order responding to this motion, the trial court stated that the record shall reflect the fact that the Church's field lines were partly on Defendants' land but noted nothing else and denied the motion to alter or amend in all other respects.